# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-152-MOC
# (5:15-cr-50-MOC-DSC-1)

| | | |
|---|---|---|
| **JENNIFER IRENE BROWN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion for Reconsideration, (Doc. No. 6), in which she challenges the Order denying her § 2255 petition. See (Doc. No. 4). The Motion will be dismissed and denied.

Petitioner filed a § 2255 petition in the instant case on the form entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Doc. No. 1). Petitioner raised a single claim entitled "I received ineffective assistance from counsel, in violation of the Sixth Amendment, which resulted in a longer sentence and affects how the Bureau of Prisons carries out my sentence." (Doc. No. 1 at 4). Petitioner articulated the supporting facts as follows *verbatim*:

> My attorney failed to object to, and correct, the application of an enhancement to my sentencing guidelines as written and suggested by the Probation Officer who prepared [my] Presentence Investigation Report. After one arrest I was placed in a county jail facility. The ensuing search of my home revealed an unloaded firearm in a locked safe. I was arrested later, when I was not home, and law enforcement officers found a firearm at my home. I did not possess a firearm when arrested. The Probation Officer applied the enhancement found in USSG Chapter 2, Section D1.1(b)(1) to my Offense Level Computation. This

1

enhancement increased my base offense level by 2 levels and, because it was adopted by the Court, prevents me from receiving a reduction in my sentence under the Bureau of Prisons' Residential Drug Abuse Program. (A fact I only recently learned from BOP staff.)

    According to Chapter 2D, Application Note 11(A), the enhancement for weapon possession should not be applied if it was clearly improbable that the weapon was connected with the offense and was not possessed during the crime.

    My attorney should have objected to the application of the enhancement so that it would not have been included in my offense level, or adopted by the Court. This would have reduced my Offense Level, my sentence, ad allowed for a reduction in my sentence under 18 U.S.C. 3621(e) for participation and completion in the BOP RDAP.

(Doc. No. 1 at 4).

The Court denied the § 2255 petition on the merits on May 21, 2018. (Doc. No. 4). Petitioner did not appeal.

Petitioner filed the instant Motion for Reconsideration on October 7, 2018. She argues that the § 2255 petition was erroneously recharacterized without first providing her with warnings pursuant to United States v. Castro, 540 U.S. 375 (2003), and that it should have been liberally construed to include a claim that her § 924(c) conviction is invalid under Johnson v. United States, 135 S.Ct. 2551 (2015).

To the extent that Petitioner seeks relief under Rule 59(e), such a motion would be time-barred because it was filed more than 28 days after the judgment at issue was entered. Fed. R. Civ. P. 59(e).

The instant Motion will therefore be considered under Rule 60(b), which permits a court to correct orders and provide relief from judgment under the following circumstances:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steampship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that she has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review

3

Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Petitioner has failed to raise any grounds upon which reconsideration can be granted. First, Petitioner's contention that the Court procedurally erred by failing to provide her with Castro warnings is conclusively refuted by the record. Castro requires a district court to notify a defendant, prior to recharacterizing a motion as a § 2255 petition, that recharacterization means that any subsequent § 2255 petition will be subject to the restrictions on second or successive § 2255 petitions. No Castro warnings were required in this case because the § 2255 petition was filed on a § 2255 form and there was no ambiguity about Petitioner's intent to seek § 2255 relief. See, e.g., Price v. United States, 2017 WL 3669539 (W.D.N.C. Aug. 24, 2017) (Castro does not apply to a petitioner who clearly captions a § 2255 petition as a § 2255 petition).

Second, Petitioner's argument that a § 924(c) Johnson claim should have been included in the § 2255 petition is rejected. As a general matter, *pro se* pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). However, the Court is not a

4

*pro se* party's attorney and cannot create claims on her behalf. See generally Jeffries v. UNC Reg'l Physicians Pediatrics, 320 F.Supp.3d 757 (M.D.N.C. June 14, 2018) ("liberal construction does not require the court to ignore clear defects in the pleadings … or to conjure up questions never squarely presented in the complaint.") (quotations and citations omitted). The only argument Petitioner raised in the § 2255 petition was that counsel was ineffective for failing to challenge a sentencing guideline enhancement. The § 924(c) Johnson claim is a completely new, substantive attack on the conviction and sentence that is in the nature of a second or successive § 2255 petition. Petitioner does not state that she has received leave from the Fourth Circuit to file a second or successive § 2255 petition. Therefore, the Court lacks jurisdiction over this claim and it will be dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion for Reconsideration, (Doc. No. 6), is **DISMISSED** and **DENIED** as stated in this Order.

Signed: October 12, 2018

Max O. Cogburn Jr.
United States District Judge